IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **THOMAS RANDALL**, | Case No. 3:14-cv-655-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **NANCY A. BERRYHILL**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On February 23, 2015, the Court remanded this case for further proceedings pursuant to the stipulation of the parties. On May 14, 2015, the Court granted Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,299.73, which was seized by the Treasury Department under the Treasury Offset Program. Plaintiff's counsel received a $6,000 agency fee award pursuant to 42 U.S.C. § 406(a).

Plaintiff's counsel now moves for attorney's fees of $8,686.41, pursuant to 42 U.S.C. § 406(b). This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests an additional payment from Plaintiff of $2,686.41, which represents the requested $8,686.41 less the agency fee of $6,000 already received. Although Defendant does not object to the proposed award, this court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the

PAGE 2 – ORDER

representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded, which is within the statutory maximum and is the amount Plaintiff's counsel seeks in this motion.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Plaintiff's counsel achieved good results for Plaintiff (stipulated remand), the representation of Plaintiff was professional, there was no significant delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's counsel. Plaintiff's counsel spent approximately 12.1 hours on the case. The effective hourly rate for the requested fee is, therefore, approximately $717.89, which is below effective hourly rates that have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate

of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84).

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 22) is GRANTED. Plaintiff's counsel is entitled to $8,686.41 in § 406(b) fees, representing 25 percent of Plaintiff's retroactive benefits recovery. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the $6,000 agency fee award previously awarded and send Plaintiff's attorney the balance of $2,686.41, less any applicable administrative assessment as allowed by statute.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge